UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DEBRA LAMPLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:15CV183  HEA |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II  and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401, *et seq*. and 1381,*et seq*.  For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

On July 9, 2014, Administrative Law Judge Brad Davis conducted a video hearing. Plaintiff and the Vocational Expert both appeared. Plaintiff appeared in Cape Girardeau, Missouri. The Administrative Law Judge presided over the hearing from St. Louis, Missouri. Plaintiff was born on March 20, 1960. She was 54years old at the time of the hearing. Plaintiff did not complete high school and she does not have a GED. Her highest level of completion is the 11th grade.

Plaintiff testified that she had a massive heart attack on November 28, 2012 and that she was not employed at the time. Plaintiff also testified that she gets short of breath at times and is easily fatigued; has diabetes and associated neuropathy; occasionally suffers from blurry vision; suffers from acid reflux.

Plaintiff testified, on examination by the ALJ, that when she gets up in the morning she makes breakfast for herself and her husband and tries to clean up. Afterwards she takes a rest break and watches television. She stated she gets very fatigued and has to work in intervals. She does not drive very frequently and has a friend help her with grocery shopping.

The ALJ also secured testimony of Dr. Thomas Upton, a Vocational Expert. Dr. Upton testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles. Based upon all of those considerations and the stated hypotheticals of the ALJ, including stated limitations,

the Vocational Expert concluded there were jobs available for Plaintiff as a press feeder, cashier II, food preparation in fast food, housekeeper.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on August 27, 2015. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issue in this case is whether substantial evidence in the record supports the ALJ's evaluation of Plaintiff's subjective complaints and the medical opinion evidence.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the

ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id...* At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the onset date of May 13, 2012. The ALJ found at Step Two that Plaintiff had the severe impairments of gastroesophageal reflux disease (GERD), stenosis of the celiac artery, degenerative disc disease of the lumbar spine, and chronic obstructive pulmonary disease (COPD).

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that she can lift and carry 20 pounds occasionally and 10 pounds frequently. Petitioner can stand and walk for 6 hours of an 8-hour day and sit for 6 hours of an 8-hour day. She can occasionally climb stairs, but never climb ladders, ropes, or scaffolds. Petitioner is able to frequently balance as well as occasionally stoop, crouch, kneel, and crawl. Claimant must, however, avoid prolonged exposure to temperature extremes, chemicals, fumes, dusts, noxious odors, humidity, and wetness. She must also avoid unprotected heights, and hazardous moving machinery. Lastly the ALJ found Petitioner is limited to jobs that do not demand attention to detail or complicated job tasks or instructions.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

**Judicial Review Standard**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

### Discussion

**A. Was there Substantial Evidence to Support the ALJ's Evaluation of Plaintiff's Subjective Complaints.**

Plaintiff asserts the ALJ did not properly evaluate her credibility regarding her subjective complaints. A review of the record, and the finding of the ALJ relating to the record, finds this assertion woefully unsupported.

Plaintiff alleged that she could not work due to a number of conditions, including back pain, osteoporosis, arthritis, carpal tunnel syndrome, depression, anxiety, neck pain, shoulder pain, irritable bowel syndrome, Barrett's esophagus, and high blood pressure. At the hearing, Plaintiff testified to numbness in her hands and difficulty bending or standing due to back pain. She stated that she relieved her pain by lying down and alternating ice and heat. Plaintiff estimated that she could stand for an hour at a time and sit for 30 minutes at a time.

The ALJ found that the statements of Plaintiff regarding her condition and consequences of same were inconsistent with the record as a whole. The determination of whether one is disabled considering all symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence is within the role and function of the ALJ. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

The objective medical evidence, or lack thereof, is an important factor to consider in evaluating subjective complaints. Objective medical evidence is a useful indicator in making reasonable conclusions about the intensity and persistence of a claimant's symptoms and the effect those symptoms may have on a claimant's ability to work. *See* 20 C.F.R. § 404.1529(c)(2). Lack of objective medical evidence is a factor an ALJ may consider. *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004)(citations omitted). The ALJ noted that an x-ray of Plaintiff's lumbar spine in December 2012, showed degenerative joint disease of the lumbar spine with preserved disc space, but the record contained no MRI scans of Plaintiff's lumbar spine or any other objective diagnostic evidence that would support the severity of pain asserted by Plaintiff.

Plaintiff complained of problems with her back during a visit to her primary care provider, Bennie N. Till, M.D., in November 2011, but a physical examination was entirely unremarkable. Plaintiff complained of some low back tenderness and

muscle tightness due to heavy lifting at work, but she had no focal deficits, normal coordination, and normal muscle strength and tone (Tr. 20, 297-99, 311, 317-18, 320-21). In September 2012, Plaintiff complained of diffuse joint pain, but she had no edema in her extremities, normal gait and posture, no focal deficits, normal reflexes, normal coordination, and normal muscle strength and tone. The ALJ correctly considered and concluded that the clinical examination findings did not reveal significant symptoms consistent with Plaintiff's alleged limitations.

The record reflects that in October 2012, Plaintiff reported that she was applying for disability and she rated her back pain an 8 on a scale of 1 to 10. Physical examination revealed no neurological deficits. An exam a month later was normal.

Early in 2013, specifically in January, the record reviewed by the court reflects that Dr. Till performed a detailed range of motion examination, which revealed a normal posture and gait. Dr. Till examined Plaintiff on a number of occasions and although Plaintiff rated her pain a 7 or 8 on the pain scale, the clinical signs and findings failed to support the intensity of back pain and related symptoms alleged, supporting the conclusions by the ALJ.

The objective evidence in the record did not support so many of the subjective complaints of the Plaintiff. She complained of disabling pain, but only took pain medications and did not follow through on recommendations for pain

management. The record reflects Plaintiff did not avail herself of other conservative measures of pain relief such as physical therapy, aqua therapy, chiropractic manipulations, or acupuncture. "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) (quoting *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009)). The ALJ appropriately found that Plaintiff's limited efforts to relieve her allegedly disabling back pain further detract from the credibility of her subjective complaints.

The ALJ considered Plaintiff's complaints of shortness of breath with walking (Tr. 21, 43). The ALJ acknowledged that Plaintiff had been diagnosed and treated for COPD, but repeated chest x-rays showed no evidence of acute cardiopulmonary disease (Tr. 21, 285, 293, 303, 312). Spirometry testing in November 2012, revealed moderate airway obstruction and no improvement with bronchodilators (Tr. 21, 338). Yet, Plaintiff did not require frequent physician intervention for exacerbations in shortness of breath, and she did not seek treatment with a pulmonologist or other respiratory specialist or require emergency room treatment or urgent care treatment for acute exacerbations in her respiratory symptoms (Tr. 21). Plaintiff complained of shortness of breath but continued to smoke cigarettes.

Plaintiff complained of severe stomach pain that incapacitated her for 2 to 3 days at a time. The medical evidence disclosed a non-tender abdomen with positive bowel sounds. Plaintiff even reported that her pain was relatively well controlled with only two episodes of abdominal pain between January 2013, and March 2013. The medical record indicated that Plaintiff was doing well with treatment (Tr. 22, 39-40, 50). The ALJ as a consequence found her credibility less than fully credible. *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) ("An ALJ… may disbelieve subjective reports because of inherent inconsistencies or other circumstances.").

The ALJ considered the nature and extent of Plaintiff's activities of daily living in assessing her subjective complaints (Tr. 22). *See* 20 C.F.R. § 404.1529(c)(3)(i). In a Function Report, Plaintiff indicated that she was independent in personal care (Tr. 190). She stated she could prepare full meals up to four times a week (Tr. 22, 191). She also cleaned and did laundry with help from her son in carrying the laundry baskets (Tr. 22, 191). Plaintiff also reported that she shopped for groceries three to four times a week (Tr. 22, 192). At the hearing, Plaintiff testified she continued to do most of her own activities of daily living in the home, including shopping and driving, although her son assisted when possible (Tr. 22, 46-47). Overall, the ALJ found Plaintiff's reported activities of daily living inconsistent with her allegations of debilitating pain (Tr. 22). *See*

*McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (reasons for discounting credibility were supported by substantial evidence when, among other factors, Plaintiff "was not unduly restricted in his daily activities, which included the ability to perform some cooking, take care of his dogs, use a computer, drive with a neck brace, and shop for groceries with the use of an electric cart.").

The ALJ properly considered Plaintiff's alleged symptoms and pain and substantial evidence supported the credibility finding. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001) ("As long as substantial evidence in the record supports the Commissioner's decision, [the court] we may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.").

**B. Was There Substantial Evidence to Support the ALJ Evaluation of Medical Opinion Evidence?**

In order to formulate the RFC the ALJ considered and discussed the opinions of Plaintiff's primary care provider, Dr. Till; the opinions of cardiovascular surgeon, Stanley Ziomek, M.D.; and the opinions of the non-examining state agency reviewing physician, Anne Winkler, M.D. In this regard the ALJ found that the doctors' opinions were not supported by the record as a whole (Tr. 23-24). *See Goff v. Barnhart*, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient

to discount the opinion."). The ALJ also found that opinions of an inability to work were not supported by the limited medical treatment, including the notable absence of any emergency room visits for acute exacerbations in shortness of breath or abdominal pain (Tr. 24).

Dr. Till's treatment record documented vague complaints of joint pain, but the physical examinations failed to reveal any focal deficits, abnormal gait, abnormal muscle strength and tone. Dr. Ziomek's records indicated that Plaintiff's epigastric pain was mild and episodic by her own report as well as providing opinions that were vague and conclusory, failing to identify any functional restrictions. A treating source's opinion deserves no greater respect than any other physician's opinion when it consists of nothing more than vague, conclusory statements. *See Toland v. Colvin*, 761 F.3d 931, 936 (8th Cir. 2014).

The ALJ also found that the doctor's opinions were not consistent with Plaintiff's documented activities of daily living (Tr. 23). The ALJ may discount opinions of physical limitations greater than Plaintiff actually exhibited in her daily life. *See Turpin v. Colvin*, 750 F.3d 989, 994 (8th Cir. 2014) (ALJ properly discounted opinion where it conflicted with the medical records, the testimony of a medical expert, and Plaintiff's account of her daily activities).

Plaintiff argues that the ALJ erred in relying on the opinion of Dr. Winkler, a non-examining, non-treating source. Pursuant to the Commissioner's rules and

regulations, a state agency medical consultant is a highly qualified physician whose expert opinions cannot be ignored. SSR 96–6P, 1996 WL 374180, *2 (July 2, 1996). *See also Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014). In appropriate circumstance, an ALJ may give opinions of non-examining medical experts greater weight than the opinions of treating or examining sources. *See Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014). Here, Dr. Winkler's opinion was consistent with the clinical signs and findings generally showing intact neurological functioning, clear lungs, and minimal epigastric pain.

The ALJ, without question, considered all the evidence in formulating Plaintiff's RFC and articulated sound reasons for discounting the medical source opinions and subjective complaints that were not consistent with the record as a whole. Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence, including Plaintiff's testimony of what activities she was capable of performing on a daily basis.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 8th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE